J. M. ROBERTSON ET AL. v. BOARD OF EDUCATION OF YANCEY COUNTY ET AL.

(Filed 15 December, 1926.)

**Taxation—Schools—Purchase of Lands—Bonds.**

Without legislative authority, a board of education of a county may not purchase additional land for school purposes, or the county commissioners issue bonds for the purpose, and an injunction will lie against their doing so.

APPEAL by plaintiffs from *Johnson, Emergency Judge,* at Chambers, 6 September, 1926. From YANCEY. Reversed.

Action for permanent injunction, restraining defendants from incurring an indebtedness of $30,000, for the payment of the purchase price

of certain land to be used for school purposes. From judgment dissolving a temporary restraining order theretofore issued, plaintiff appealed to the Supreme Court.

*R. W. Wilson and A. Hall Johnston for plaintiff.*
*No counsel for defendant.*

PER CURIAM. At the commencement of this action, defendant board of education of Yancey County, was negotiating for the purchase of certain land in said county, to be used for school purposes. It proposed to incur an indebtedness of $30,000 for the purchase of said land, and to request the board of county commissioners to issue bonds of Yancey County in said sum, to raise money to pay the purchase price for said land. It is conceded that there is no legislative authority for the board of education to purchase said land, or for the board of county commissioners to issue said bonds. It was, therefore, error to dissolve the temporary restraining order theretofore issued by Judge Stack. *Tate v. Board of Education of McDowell County, ante,* 516. Chapter 120, Public Laws 1924, Extra Session, does not apply to Yancey County. It is not contended, however, that the purchase of said land is required to enable the board of education of Yancey County to maintain public schools, as required by the Constitution, in said county.

Whether it is a wise policy for the board of education to purchase this land, for the reasons it assigns in its answer to the complaint, does not present a question of law for our decision; we decide, only, that neither the board of education nor the board of county commissioners has the power, without legislative authority conferred by statute, either general or special, to contract an indebtedness for the purchase of land for school purposes.

The judgment must be
Reversed.